UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

===================================
JACK WEIL individually and
on behalf of all others similarly situated

                              Plaintiff,

      -against-

STONELEIGH RECOVERY ASSOCIATES, LLC
& SHARON HOLDING CORP.

                             Defendants.
===================================

## CLASS ACTION COMPLAINT

### *Introduction*

1.    Plaintiff Jack Weil files this Complaint seeking redress for the illegal practices of Stoneleigh Recovery Associates, LLC and Sharon Holding Corp., in connection with the collection of a debt allegedly owed by the consumer in violation of the Fair Debt Collection Practices Act, ("FDCPA"), 15 U.S.C. § 1692, et seq. ("FDCPA").

### *Parties*

2.    Plaintiff is a citizen of the State of New York who resides within this District.

3. Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that Defendant sought to collect from Plaintiff is a consumer debt.

4. Upon information and belief, Defendant, Stoneleigh Recovery Associates, LLC's principal place of business is located in Lombard, Illinois.

5. Upon information and belief, Defendant, Sharon Holding Corp.'s principal place of business is located in Great Neck, New York.

6. Defendants are bad debt buyers that specialize in buying large portfolios of delinquent consumer debts for pennies on the dollar, which then they themselves collect upon or use other collection agencies to do so, as with the case at hand, whereby Stoneleigh Recovery Associates, LLC is collecting on behalf of Sharon Holding Corp.

7. Defendants are "debt collectors" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

### Jurisdiction and Venue

8. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

9. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

### Allegations Particular to Jack Weil

10. Upon information and belief, Plaintiff Jack Weil fell behind on paying his bills, which happened to include a consumer debt purportedly owed to HSBC Bank,

USA, N.A.

11. Sometime thereafter, the alleged debt became delinquent.

12. Under federal banking regulations, a credit card debt must be charged off when it is one hundred and eighty days overdue (it may be charged off earlier). Federal Financial Institutions Examination Council, Uniform Retail Credit Classification and Account Management Policy, 65 FR 36903 (June 12, 2000).

13. "Charge-off" means that the credit card receivable is no longer carried on a bank's books as an asset.

14. The creditor, Sharon Holding Corp. which allegedly purchased the debt from HSBC did not charge interest after the charge-off.

15. The Defendants allegedly bought/obtained this debt, and upon information and belief, on a date better known by Defendants, the Defendant Sharon Holding Corp. began to attempt to collect the debt from Jack Weil through Stoneleigh Recovery Associates, LLC.

16. On or about April 11, 2014, Stoneleigh Recovery Associates, LLC. sent the Plaintiff a collection letter seeking payment for the alleged debt.

17. The said letter stated in pertinent part as follows: "As of the date of this letter, the balance due on the account is $5,383.07. Because interest, late fees, and other charges may vary from day to day, the amount due on the day you pay may be greater. If you pay the amount shown above, an adjustment may be necessary after we receive your payment, in which event we will inform you of any other amount due."

18. Section 1692e of the FDCPA prohibits a debt collector from using any false, or any deceptive or misleading representation or means in connection with the

collection of a debt, including the false representation of the character, amount or legal status of any debt, see, 15 U.S.C. § 1692e(2)(A) and § 1692e(5).

19. Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect a debt, including the collection of any amount (including any interest, fee, charge or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law, see, 15 U.S.C. § 1692f(1).

20. Defendants' statements in the said letter were false because the Defendants had neither a contractual, nor a statutory, right to claim that interest would accrue and would continue to accumulate on the debt.  By falsely stating that they could add interest to the amount of the debt, Defendants made materially false statements, in violation of 15 U.S.C. § 1692e of the FDCPA.

21. Defendants, by charging or threatening to charge interest on amount of the debt, where they had neither a contractual, nor a statutory, right to do so, used unfair or unconscionable means to collect a debt, in violation of § 1692f of the FDCPA.

22. Defendants' violations of § 1692f of the FDCPA render them liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. §1692k.

> Burch v. Midland Funding, LLC, No. 14-219 (N.D. Ill. Sept. 29, 2014). (Because Midland Funding did not contract directly with Burch…… The complaint does not and need not hinge on the difference between the two letters. Instead, the complaint alleges a violation of the FDCPA because Midland Credit improperly sought to collect interest.); see also McDonald v. Asset Acceptance LLC, No. 2:

11-cv-13080 (E.D. Mich. Aug. 7, 2013). ("Asset purchased the debts subject to the waiver, thereby precluding Asset from imposing interest or revoking the original creditors' waiver. As such, Asset's false statements regarding the total amount of the debt in the collection actions constitutes violations of § 1692e(2)(A) and § 1692f(1)."); Stratton v. Portfolio Recovery ([The Defendant] as [the Creditor's] assignee, moreover, "acquire[d] no greater right than was possessed by [its] assignor . . . but simply stands in the shoes of the latter." *Whayne Supply Co. v. Morgan Constr. Co.*, 440 S.W.2d 779, 782-83 (Ky. 1969). [The Defendant] cannot be given a right to collect interest—contractual or statutory—that [the Creditor] waived. Based on the limited record before the panel, [the Plaintiff] has plausibly alleged that [the Defendant] does not have a legal right to collect interest on [the Plaintiff's] debt.

23. Defendants' April 11, 2014 letter is in violation of 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), 1692f and 1692f(1) for engaging in deceptive, misleading, and unfair practices.

24. Plaintiff seeks to end these violations of the FDCPA. Plaintiff and putative class members are entitled to preliminary and permanent injunctive relief, including, declaratory relief, and damages.

### *Class Allegations*

25. This action is brought as a class action. Plaintiff brings this action on behalf of himself and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

26. The identities of all class members are readily ascertainable from the records of Stoneleigh Recovery Associates, LLC and Sharon Holding Corp. and those business and governmental entities on whose behalf it attempts to collect debts.

27. Excluded from the Plaintiff's Class are the Defendants and all officers, members, partners, managers, directors, and employees of Stoneleigh Recovery Associates, LLC and Sharon Holding Corp., and all of their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

28. There are questions of law and fact common to the Plaintiff's Class, which common issues predominate over any issues involving only individual class members. The principal issues are whether the Defendants' communications with the Plaintiff, such as the above stated claims, violate provisions of the Fair Debt Collection Practices Act.

29. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

30. The Plaintiff will fairly and adequately protect the interests of the Plaintiff's Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorneys have any interests, which might cause them not to vigorously pursue this action.

31. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

(a) **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff's Class defined above is so numerous that joinder of all members would be impractical.

(b) **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff's Class and those questions predominate over any questions or issues involving only individual class members. The principal issues are whether the Defendants' communications with the Plaintiff, such as the above stated claims, violate provisions of the Fair Debt Collection Practices Act.

(c) **Typicality:** The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff's Class defined in this complaint have claims arising out of the Defendants' common uniform course of conduct complained of herein.

(d) **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor his counsel have any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

(e) **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would

engender. Certification of a class under Rule 23(b)(l)(A) of the Federal Rules of Civil Procedure is appropriate because adjudications with respect to individual members create a risk of inconsistent or varying adjudications which could establish incompatible standards of conduct for Defendants who, on information and belief, collects debts throughout the United States of America.

32. Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that a determination that the above stated claims, violate provisions of the Fair Debt Collection Practices Act, and is tantamount to declaratory relief and any monetary relief under the FDCPA would be merely incidental to that determination.

33. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff's Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

34. Further, Defendants have acted, or failed to act, on grounds generally applicable to the Rule (b)(l)(A) and (b)(2) Class, thereby making appropriate final injunctive relief with respect to the Class as a whole.

35. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify one or more classes only as to particular issues pursuant to Fed. R.Civ. P. 23(c)(4).

***FIRST CAUSE OF ACTION***

***Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of himself and the members of a class, as against the Defendants.***

36. Plaintiff incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

37. This cause of action is brought on behalf of Plaintiff and the members of a class.

38. The class consists of all persons whom Defendants' records reflect resided in the State of New York and who were sent a collection letter in substantially the same form letter as the letter sent to the Plaintiff on or about April 11, 2014; and (a) the collection letter was sent to a consumer seeking payment of a personal debt; and (b) the collection letter was not returned by the postal service as undelivered; (c) and the Plaintiff asserts that the letter contained violations of 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), 1692f and 1692f(1) for engaging in deceptive, misleading, and unfair practices.

### *Violations of the Fair Debt Collection Practices Act*

39. The Defendants' actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

40. Because the Defendants violated the Fair Debt Collection Practices Act, the Plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

41. As a direct and proximate result of these violations of the above FDCPA violations, Plaintiff and class members have suffered harm and are entitled to preliminary and permanent injunctive relief, and to recover actual and statutory damages, costs and attorney's fees.

WHEREFORE, Plaintiff, respectfully requests that this Court enter judgment in Plaintiff's favor and against the Defendant and award damages as follows:

a) Statutory and actual damages provided under the FDCPA, 15 U.S.C. § 1692(k); and

b) Attorney fees, litigation expenses and costs incurred in bringing this action; and

c) An order enjoining and directing Defendants to comply with the FDCPA in its debt collection activities, including without limitation:

> Directing Defendants to cease engaging in debt collection practices that violate the FDCPA; and
>
> Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Brooklyn, New York
   March 11, 2015

>  /s/ David Palace
> **Law Offices of David Palace** (DP 3855)
> 383 Kingston Ave. #113
> Brooklyn, New York 11213
> Telephone: 347-651-1077
> Facsimile: 347-464-0012

Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.

>  /s/ David Palace
> David Palace esq. (DP 3855)

-10-

PO BOX 1118
Charlotte, NC 28201-1118
*Personal & Confidential*

2 2 00000308
390891

**Stoneleigh Recovery Associates, LLC**
PO Box 1479
Lombard, IL 60148-8479

Toll Free: 877-812-8932
Monday-Thursday 8AM-8PM (CST)
Friday 8AM-5PM (CST)

April 11, 2014

JACK WEIL
1340 53RD ST 3
BROOKLYN NY 11219-3822

| | |
|---|---|
| Original Creditor: | HSBC Bank, USA, N.A. |
| Original Account No.: | Redacted |
| Current Creditor: | SHARON HOLDING CORP |
| SRA File No.: | Redacted |
| Balance Due: | $5,383.07 |

Dear Jack Weil:

SHARON HOLDING CORP purchased this delinquent account of $5,383.07 and referred it to this agency for collection.

This notice has been sent by a collection agency. This is an attempt to collect a debt. Any information obtained will be used for that purpose. Unless you notify this office within thirty (30) days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within thirty (30) days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor. The law does not require us to wait until the end of the 30 day period before taking action to collect this debt. But, if disputed, this agency will cease collection activities until we provide you with the requested validation information.

As of the date of this letter, the balance due on the account is $5,383.07. Because interest, late fees, and other charges may vary from day to day, the amount due on the day you pay may be greater. If you pay the amount shown above, an adjustment may be necessary after we receive your payment, in which event we will inform you of any other amount due.

If you have any questions or for further information, write the undersigned or contact our office toll-free at 877-812-8932 Monday thru Thursday between 8:00 AM and 8:00 PM (CST) or Friday between 8:00 AM and 5:00 PM (CST).

Regards,

*Francis Goldstein*
Francis Goldstein
Stoneleigh Recovery Associates, LLC

**New York Residents:**
This collection agency is licensed by the New York City Department of Consumer Affairs, license number: 1274118.

---

**This is an attempt to collect a debt; any information obtained will be used for that purpose.
This letter has been sent by a debt collector.**

▲ Please Detach And Return in The Enclosed Envelope With Your Payment ▲

JACK WEIL
1340 53RD ST 3
BROOKLYN NY 11219-3822

| | |
|---|---|
| Original Creditor: | HSBC Bank, USA, N.A. |
| Original Account No.: | Redacted |
| Current Creditor: | SHARON HOLDING CORP |
| SRA File No.: | Redacted |
| Balance Due: | $5,383.07 |
| Enclosed Amount: | |

**Change of Address Notification**

Address _____  Apt# _____

City _____  State _____  Zip _____

Home Phone ( ) - 
Business Phone ( ) - 

Stoneleigh Recovery Associates, LLC
PO Box 1479
Lombard, IL 60148-8479

0019
STONELEIGH.WFD
00000308
390891